IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL M. PLACE,

                        Plaintiff,

   v.                                                  OPINION and ORDER

KILOLO KIJAKAZI,
Acting Commissioner of                                  21-cv-564-jdp
Social Security,[1]

                        Defendant.

---

Plaintiff Daniel Place seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding Place not disabled within the meaning of the Social Security Act.

Place raises a single issue. He contends that the administrative law judge improperly discounted part of the opinion of Dr. Becca Greub, an agency psychologist. Greub found that Place would have marked limitations in concentration, persistence, and pace, but the ALJ ascribed to Place only moderate limitations in that area. Place contends that the ALJ did not adequately explain her reasons for discounting this part of Greub's opinion. The court disagrees. The ALJ resolved conflicts in the evidence concerning Place's abilities and gave good reasons for discounting that part of Greub's opinion. The court will affirm the ALJ's decision.

---

[1] The court has updated the caption pursuant to Federal Rule of Civil Procedure 25(d).

BACKGROUND

Place sought benefits based on mental impairments, alleging disability beginning in April 2016. R. 204.[2] Place suffered from a seizure disorder, for which he had had brain surgery, which left him with some memory and cognitive impairments. Place's claim was denied initially and on reconsideration, and Place requested a hearing before an ALJ.

In a written decision, ALJ Virginia Kuhn found that Place suffered from two severe impairments: mild neurocognitive disorder secondary to remote arterio-venous malformation surgery and borderline intellectual functioning. R. 28. The ALJ determined that Place did not meet the criteria for any listed disability. R. 30. The ALJ ascribed to Place the residual functional capacity (RFC) to perform work at all exertional levels with non-exertional limitations to address Place's cognitive impairments and some other vulnerabilities. R. 32–33. Relying on the testimony of a vocational expert, the ALJ concluded that Place could perform a significant number of jobs available in the national economy, including as a dining room attendant, laundry laborer, or photo copying machine operator. R. 37. The Appeals Council denied review, R. 1, so the ALJ's decision became the final decision of the commissioner.

On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical

---

[2] Record cites are to the administrative transcript located at Dkt. 11.

bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Place contends that the ALJ erred by discounting a part of the opinion of Dr. Becca Greub, Ph.D, an agency psychologist who examined Place. Greub opined that Place would have mild limitation in his ability to respond appropriately to coworkers and supervisors; moderate limitations in withstanding routine work stressors and adapting to change; and marked limitation in concentration, attention, and pace. R. 330. Greub concluded that Place would be able to understand, remember, and carry out simple instructions but would have significant difficulty with complex instructions. R. 330. The ALJ accepted most of Greub's opinion and incorporated those limitations in the RFC. R. 36. But the ALJ discounted Greub's opinion that Place would have marked limitation in concentration, attention, and pace, finding instead that Place had only moderate limitations in that area. Place contends that the ALJ erred by failing to explain her reasoning for discounting this part of Greub's opinion.

The ALJ gave two reasons for the decision to discount Greub's opinion about Place's limitations in maintaining concentration, persistence, and pace. First, Greub's opinion on this point was inconsistent with other evidence in the record. Second, the opinion was "not well-supported by explanation from [Greub's] examination." *Id.*

Relating to the first reason, the ALJ explained that Greub's opinion about Place's limitations was inconsistent with a lack of mental health treatment, his activities of daily living, and the results of another examination with a different agency consultant, Dr. Beck, where

3

Place demonstrated normal memory and good concentration. R. 36. Place identifies two purported errors in the ALJ's treatment of this issue.

First, Place says that the ALJ "did not point to any specific evidence . . . other than generally saying that Mr. Place had a 'normal neurological examination.'" Dkt. 13, at 7. But the ALJ *did* identify specific evidence to support her conclusion. The ALJ cited two specific findings from the examination with Beck showing that Place demonstrated normal memory and good concentration. The ALJ also cited Place's daily activities and lack of treatment. An ALJ must articulate her reasoning at some "minimum level" that allows the reviewing court to follow the ALJ's reasoning regarding the cited evidence. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). The ALJ's opinion here meets that standard. Evidence in the record that Place had good concentration is clearly inconsistent with Greub's conclusion that Place would have marked limitations in that area. Beck offered the opinion that Place had good concentration. And the ALJ found that Place's activities of daily living showed his ability to engage in activities that require a "fair amount of concentration"—including driving and managing his finances—demonstrated that he had only moderate limitations in concentration, persistence, and pace. *See* R. 31. An ALJ's opinion must be read as a whole. *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015). And, read as a whole, the ALJ's opinion allows the court to trace her reasoning on why the evidence she cited is inconsistent with Greub's opinion.

Second, Place contends that the ALJ erred by discounting Greub's opinion because of a lack of treatment. Place says that there is "no treatment [he] can undergo that would improve his issues." Dkt. 13, at 7. Place doesn't cite any evidence to support the notion that his concentration problems were impervious to treatment, and it's contradicted by his statements at the hearing, where he said that he didn't seek treatment because he was afraid of

4

doctors. R. 54. An ALJ may consider a failure to seek treatment as evidence that a claimant's symptoms are not severe or disabling, so long as the ALJ considers other possible reasons why a claimant did not seek treatment. *See Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021). Here, the ALJ inquired into Place's reasons for failing to seek treatment at the hearing, R. 59–60, and she explained why she was not persuaded by Place's explanation: Place had not made any attempts to obtain free or reduced cost care and he did not appear fearful when he was seen by clinicians. R. 35.

The ALJ discounted Greub's opinion for a second reason: that Greub's opinion was not supported by the results of Greub's own examination. Place misstates part of the ALJ's reasoning on this point. Place contends that the ALJ found that Greub's opinion about Place's concentration, persistence, and pace, was based *solely* on the reports of Place's brother. Dkt. 13, at 7. But the ALJ actually said that the opinion appeared to be based *primarily* on the comments of Place's brother. R. 36. And the ALJ's reason for making that observation is that Greub stated that Place himself "could not provide much meaningful information in this area." R. 327. So, contrary to Place's argument, the court discerns nothing fundamentally unfair in the ALJ's recognition that Place's brother provided much of the information on which Greub based this part of her opinion.

The court sees no error in the ALJ's finding that Greub's opinion on concentration, persistence, and pace was not supported by her own exam. It is abundantly clear from the evidence in this case that Place has significant memory problems, which Greub also confirmed. Place had difficulty counting backwards from 100 by threes and told Greub that he would need a pencil and paper to complete the exercise. R. 30. But the ALJ explained why Greub's exam results did not support a finding that Place had marked limitations in concentration. R. 31.

5

Specifically, the ALJ noted that Place was able to spell the word "world" forwards and backwards and was able to execute simple three-step commands. *See* R. 328. As the ALJ correctly stated in her opinion, a "marked" limitation is "a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis." R. 30. As Greub explained, Place could understand simple instructions, but he would have difficulty with complex instructions. But Greub didn't give any reason why Place would have marked limitations in concentration, persistence, or pace.

On appeal, Place now relies heavily on evidence that he performed poorly on memory tests, especially in the category of auditory memory. R. 329. But Place doesn't explain why that finding is relevant to Greub's opinions about concentration, attention, and pace. The ALJ addressed Place's memory test results during her analysis of Place's limitations and explained that Place performed well on some concentration exercises despite his low memory test scores. R. 31. An ALJ is entitled to discount a medical opinion because the opinion is not adequately explained, *see Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010), or because it is internally inconsistent. *Johnson v. Berryhill*, 745 F. App'x 247, 250 (7th Cir. 2018) (citing *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995)).

The record here shows that Place has significant memory problems, and the ALJ accounted for those problems by restricting Place to simple, routine, and repetitive tasks that would be fixed and predictable from day to day. But there is scant evidence to suggest that Place would not be able to concentrate, persist, and maintain adequate pace in attending to simple tasks. The ALJ did not err in discounting Greub's opinion and in finding that that Place had only moderate, rather than marked, limitations in maintaining concentration, persistence, and pace.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered September 14, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge